PHILIP C. MARCHESE, appellant,

*v.*

ROSE MARCHESE and HARRY H. WEINBERGER, respondents.

[Decided May 18th, 1925.]

On appeal from a decree in chancery advised by Vice-Chancellor Bentley.

Mr. *Wilbur A. Heisley,* for the appellant.

Mr. *Merrill Lane,* for the respondent Weinberger.

PER CURIAM.

This is an appeal from a decree dismissing a petition for divorce filed by Philip C. Marchese against his wife, Rose, and based upon a charge of adultery alleged to have been committed by her with one Harry Weinberger. No answer was filed by Mrs. Marchese to this petition, but Weinberger, the alleged co-respondent, having applied to the court to be admitted as a party defendant, and the application having been granted, answered the petition, denying that he had ever been guilty of sexual relations with the petitioner's wife. After a hearing covering several days, and a consideration of the testimony submitted on behalf of the petitioner and that submitted on behalf of Weinberger, Vice-Chancellor Bentley, to whom the cause had been referred, reached the conclusion that the petitioner had failed to support his case by a preponderance of the evidence, and, for this reason, advised a decree dismissing the petition. From the decree entered pursuant to this advice the petitioner has appealed.

In the case of *Berckmans* v. *Berckmans, 17 N. J. Eq. 453,* Mr. Justice Van Dyke, delivering the opinion of this court in a divorce case charging adultery against his wife, after pointing out that the charge constituted a crime, and that, consequently, the suit was strongly of the nature of a criminal proceeding, declared that, by reason of this fact, the burden was placed upon the petitioner of supporting his charge, not only by a decided preponderance of the testimony, but by such evidence as would satisfy the human mind and leave the careful and guarded judgment of the court free from any conscientious and perplexing doubts as to whether the charge was proven or not, and that, if such doubts remain after a careful consideration of the testimony, it is the duty of the court to give the defendant the benefit thereof and to refuse the prayer of the petitioner. In the case of *Culver* v. *Culver, 38 N. J. Eq. 163,* Vice-Chancellor Van Fleet, in following

this pronouncement, declared that the proven facts, which would constitute sufficient evidence to support a finding of adultery, must be such as would lead the guarded discretion of a reasonable and just mind to the conviction that the crime had been committed.

This rule of evidence has been accepted and followed in repeated decisions of our court. See *Luderitz* v. *Luderitz, 88 N. J. Eq. 103, 105.*

A careful consideration of the voluminous proofs sent up with the present appeal does not leave our minds free from "conscientious and perplexing doubts" as to whether the charge laid in the petition is true, and, as such doubts remain after such consideration, we conclude that the decree dismissing the petitioner's petition should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, KA-LISCH, KATZENBACH, CAMPBELL, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 9.

*For reversal*—PARKER, BLACK, LLOYD, WHITE, JJ. 4.